**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.C., S.C., and J.C.**

**No. 24-68** (Kanawha County 23-JA-148, 23-JA-149, and 23-JA-150)

**MEMORANDUM DECISION**

Petitioner Father C.C.[1] appeals the Circuit Court of Kanawha County's January 8, 2024, order terminating his parental rights to H.C., S.C., and J.C., arguing that the court erroneously denied his motion for a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2023, the DHS filed an abuse and neglect petition alleging that the petitioner subjected the children to deplorable home conditions that posed a risk to their health and safety. In addition to concerns about the children's lack of hygiene and foul odor, the DHS further stated that the home had large portions of flooring and drywall missing, several windows broken, trash strewn throughout, animal excrement on the mattresses where the children slept, and no running hot water. The DHS also alleged that the petitioner and the children were subject to two prior abuse and neglect proceedings in 2016 and 2018, which also involved deplorable housing conditions.

The circuit court held an adjudicatory hearing in July 2023. The circuit court took judicial notice of the evidence and testimony presented in the prior cases, heard testimony from the petitioner and the DHS worker who investigated the home, and admitted photographs taken of the home during the investigation into evidence. Following the presentation of evidence, the court adjudicated the petitioner as an abusing and neglecting parent based on the household conditions

---

[1] The petitioner appears by counsel Jason S. Lord. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Bryan B. Escue appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

to which the children were subjected. Following this hearing, the petitioner filed a written motion for a post-adjudicatory improvement period.

A dispositional hearing was held in October 2023, wherein the DHS and guardian supported termination of the petitioner's parental rights. The court received evidence from a DHS worker, who testified that this was the third case involving the children living in unsafe and unsanitary housing conditions and that these conditions had not improved. The DHS worker further testified that the petitioner was provided services in the prior cases, including parenting and adult life skills classes and help with cleaning the home. In light of these previous services, the DHS worker stated that they were unaware of any further services that could be offered to the petitioner. The petitioner then testified about his efforts to remedy the condition of the home but admitted that many of the conditions in the home persisted, including that he continued to permit animals to relieve themselves inside and portions of the floor were still missing.

Based on the evidence presented, the circuit court found that the petitioner had done nothing to fix the conditions of abuse and neglect following the filing of the petition and that the petitioner failed to acknowledge the effects of the household conditions on the children. As a result, the court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future, there was no reasonable likelihood that the petitioner would successfully complete an improvement period, and termination of the petitioner's parental rights was in the children's best interest. Accordingly, the court denied the petitioner's motion for an improvement period and terminated the petitioner's parental rights to the children.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred in proceeding to disposition without first granting him a post-adjudicatory improvement period.[4] Upon our review, we find no merit in the petitioner's argument. Under West Virginia Code § 49-4-610(2)(B), a parent seeking a post-adjudicatory improvement period must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Here, although the petitioner claimed to be working to correct the issues with the home, he admitted at the dispositional hearing that he continued to permit animals to defecate in the home and that there were still holes in the floor, thereby demonstrating he was unlikely to fully participate in an improvement period. Further, we have explained that "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As the circuit court found, the petitioner failed to acknowledge the impact that the

---

[3] The children's mother is deceased. The permanency plan for all three children is adoption in their respective placements.

[4] The petitioner does not set forth any specific assignment of error challenging the termination of his parental rights. Accordingly, the court's termination of his parental rights is not at issue on appeal.

conditions in the home had on the children. This is especially problematic given that this is the third abuse and neglect proceeding brought against the petitioner since 2016 due to unsafe and unsanitary housing conditions. In each of the prior cases, the petitioner received remedial services from the DHS, only for the petitioner to allow the home to return to an unsafe and unsanitary state. Given the petitioner's refusal to acknowledge the impact that the housing conditions had on the children and his inability to internalize the services he previously received, it is clear that an improvement period was inappropriate, and we conclude that the circuit court did not abuse its discretion in proceeding to disposition without granting the same. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny improvement periods where no improvement is likely).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV